Filed 7/20/22  Silver v. U. of West L.A. School of Law CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| MARCUS SILVER, | B310003 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC685581) |
| v. | |
| UNIVERSITY OF WEST LOS ANGELES SCHOOL OF LAW, | |
| Defendant and Respondent. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Anthony Mohr and Ernest M. Hiroshige, Judges.  Affirmed.

Marcus Silver, in pro. per., for Plaintiff and Appellant.

Douglas Hicks Law and Jamon R. Hicks for Defendant and Respondent.

_____

Marcus Silver appeals from a judgment entered after the trial court granted the motion for summary judgment filed by defendant University of West Los Angeles School of Law (Law School). Silver brought a claim for breach of contract alleging the Law School failed to provide a timely and accurate copy of Silver's academic transcript to the State Bar of California's Office of Admissions (Bar). The trial court concluded the Law School carried its burden to show it did not breach any contractual duty it owed to Silver and Silver was not damaged by any breach. Silver presented no evidence in opposition, and the court granted the summary judgment motion, finding Silver failed to meet his burden to raise a triable issue of fact.

On appeal, Silver contends the trial court erred in determining there were no triable issues of fact. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Complaint and First Amended Complaint*

Silver filed this action on December 4, 2017 against the Law School, alleging causes of action for breach of contract, fraud, misrepresentation, and interference with prospective economic advantage. On March 15, 2018 the Law School demurred to all causes of action in the complaint.

On March 26, 2018 Silver filed a motion for default judgment and to strike the Law School's demurrer, arguing the Law School waived its right to respond to the complaint by failing to file a responsive pleading within 30 days after service. On April 20, 2018 Silver filed a request for entry of default and

clerk's judgment, which the clerk rejected because the Law School had filed a demurrer on March 15.

After a June 14, 2018 hearing, the trial court sustained the Law School's demurrer with leave to amend to allege causes of action for breach of contract and interference with prospective economic advantage.[1]  The court ordered Silver to file and serve a first amended complaint within 10 days of notice of the ruling and the Law School to file a response within 20 days of filing the first amended complaint.[2]

On June 22, 2018 Silver filed a first amended complaint alleging a single cause of action for breach of written contract. On July 20 (28 days after the first amended complaint was filed) the Law School again demurred.  On October 2 Silver filed an objection to the demurrer, arguing the demurrer was not timely under the court's June 14, 2018 order directing the Law School to file a response within 20 days of the filing of Silver's first amended complaint.

After a hearing, on November 14, 2018 the trial court[3] sustained the demurrer with leave for Silver to file a second amended complaint within 20 days.

B.    *The Second Amended Complaint*
Silver's operative second amended complaint alleged a single cause of action against the Law School for breach of

---

[1]    The trial court sustained the demurrer without leave to amend as to Silver's remaining claims.

[2]    Judge Ernest M. Hiroshige presided over the hearing and ruled on the Law School's demurrer to the complaint.

[3]    Judge Anthony Mohr.

written contract. Silver alleged he enrolled in the Law School in 2011. Silver took an introduction to law course in the summer of 2011, but the Law School academically dismissed Silver for receiving a "failing grade" in the course. Silver was therefore not able to enroll in any courses in the fall of 2011. In the spring of 2012 Silver retook the introductory course, this time earning a "B." However, this grade was "mysteriously omitted from [his] Official Transcripts." (Underlining omitted.) Silver then took a "'criminal practice'" course during the summer of 2012, which was the only course he was allowed to take, and he earned a "D." Silver felt he was not being treated fairly as to grading of the summer class.

Later in 2012 Silver enrolled in the North Western California University School of Law (NWCU). Toward the end of his first year there, Silver learned he needed to submit an official transcript from the Law School to the Bar before he could take his final examinations. On October 7, 2013 Silver requested a copy of his transcript from the Law School on an expedited basis. On October 25 Silver resubmitted his request. But he did not receive his transcript from the Law School until December 5, 2013. By that time, "the exam deadline had passed." Further, Silver "discovered that the transcript was not accurate and had omitted records of classes taken and passed."

Silver alleged his two requests to the Law School in October 2013 constituted written contracts between Silver and the Law School; Silver performed under the contracts by "providing payment information"; and the Law School breached the contracts by "failing to timely satisfy [its] obligation to release accurate transcripts." Silver alleged that due to the breach, he "suffered damages including over 3 years of wasted

4

time, book, tuition and transportation expenses, anger, shame, embarrassment and career earnings."

C.     *The Law School's Motion for Summary Judgment*

On March 15, 2020 the Law School moved for summary judgment, setting a hearing date for July 29, 2020. According to the proof of service, the Law School served Silver by email and United States mail on May 15, 2020. The Law School argued no contract existed between it and Silver; it performed its obligations under any contract; Silver suffered no damages as a result of any breach; and the four-year statute of limitations for breach of written contract barred Silver's action.[4]

The Law School filed an attorney declaration attaching several documents.[5] In a credit card payment form signed and dated October 7, 2013 by Silver, he authorized the Law School to charge his credit card $50 for "transcripts."[6] The form stated further, "[C]harges will be processed within 7 business days." In an October 15, 2013 email to Silver, an administrative assistant of the Law School advised Silver his credit card payment had been declined for insufficient funds and requested Silver contact the Law School to complete payment. On October 25 Silver sent

---

[4]     On our own motion we augment the record to include the Law School's May 5, 2020 separate statement and memorandum of points and authorities in support of its motion for summary judgment. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

[5]     Silver did not object to the admission of any documents submitted by the Law School, nor does he argue on appeal the evidence was inadmissible.

[6]     We have omitted capitalization of excerpts from the transcript and other documents.

5

an email to Nailah Smith, the administrative assistant to the Law School's registrar, inquiring whether the Law School had processed his transcript request. Smith replied by email, "I do not see that the payment cleared. Can you please give me a call?" In a second credit card payment form dated October 25, 2013 signed by Silver, he authorized the Law School to charge $60 for "expedited transcripts" and provided payment information for a different credit card. On October 29 Smith sent an email to Silver requesting he contact the Law School's office by phone.

The Law School also submitted in support of its motion a copy of Silver's transcript. The transcript showed a "print date" of October 29, 2013, and it was signed and dated by Smith the same day. The transcript showed as to the summer of 2011 that Silver earned a "C-" in the course "Introduction to Legal Studies." In a September 8, 2011 letter attached to the attorney declaration, the Law School informed Silver he had been academically dismissed for failing to meet the minimum academic requirements for continued enrollment due to his grade in Introduction to Legal Studies, but it informed Silver he could file a petition for readmission. The letter stated Silver would be refunded all charges for the Fall 2011 semester.

The transcript showed as to the Fall 2011 semester that Silver enrolled in three courses but did not receive credit or a grade in those courses. The transcript listed Silver's status in the Fall 2011 term as "Cancel—Academic." As to the summer of 2012, the transcript showed Silver earned a "D" in the course "Criminal Practice." In a letter dated August 28, 2012, the Law School informed Silver he had been academically dismissed for failure to maintain the minimum required grade point average at the end of the Summer 2012 term. The letter again noted Silver

could petition for readmission. The Law School also attached a December 11, 2013 letter from the Bar to Silver, which stated, "You are now officially registered with the State Bar of California's Office of Admissions."

The Law School filed excerpts of deposition testimony from Silver, in which Silver acknowledged a Law School employee contacted him on October 15, 2013 to inform him the Law School was not able to process his credit card payment. Silver stated the Law School sent a copy of his transcript directly to the Bar and sent Silver a courtesy copy of the transcript that Silver received by mail on December 3, 2013. Silver admitted he was able to take his final examinations at NWCU notwithstanding his failure to meet the requirement of official registration with the Bar. When asked about the final grades he received at NWCU, Silver testified he received "[p]robably a C minus" in each of the two or three courses he took. Silver added, "I really didn't prepare for my final exams. And I was not sure I wanted to pursue a career in law anymore."

On July 15, 2020 Silver filed a one-page document styled "Objection to motion for summary judgment." Silver argued the Law School's motion was defective for failing to provide at least 77 days' advance notice before the scheduled hearing. Silver argued further he was not personally served with the motion.

On July 29, 2020 Silver filed a document titled "Case summary." Silver argued the Law School previously defaulted by failing timely to file a responsive pleading to the first amended complaint and further, the motion for summary judgment should be stricken for failure to comply with procedural requirements. Silver attached an unauthenticated July 2, 2012 letter from Toni O'Neal, associate dean of the Law School, informing Silver he

was "now eligible for full acceptance into the School of Law based upon [his] excellent performance in the [S]pring 2012 Introduction to Legal Studies course." The letter noted Silver earned a "'B'" in the course in satisfaction of the requirements for continued study at the Law School and stated, "As you may recall, you will not receive credit for the course . . . ." Silver argued the letter showed the transcript issued by the Law School was not accurate.

After a hearing on July 29, the trial court continued the hearing on the motion for summary judgment to November 9, 2020. In its written ruling, the court concluded the Law School failed to provide adequate notice under Code of Civil Procedure section 437c, subdivision (a)(2), because the motion was served by email 75 days before the hearing, without adding two days for electronic service.[7] The court rejected the Law School's argument that California Rules of Court, Emergency rule 12, which provided emergency rules for electronic service during the COVID-19 pandemic state of emergency, applied to allow service without adding two days.

On November 6, 2020 the Law School filed a reply brief in support of its motion. The Law School argued Silver's opposition failed to address the merits of the motion, and it did not include the required separate statement or supporting evidence.

After a hearing on November 12, 2020, the trial court granted the Law School's motion for summary judgment. In its written order, the court found Silver failed to raise triable issues of fact that the Law School breached a contractual duty it owed to

---

[7]     All further undesignated statutory references are to the Code of Civil Procedure.

8

Silver and Silver was damaged by the breach.  Further, Silver's opposition papers failed to address the merits of the motion and "did not suffice to justify a denial of the [Law School's] motion."

On November 16 the trial court entered judgment for the Law School.  Silver timely appealed.

## DISCUSSION

A.  *The Trial Court Did Not Abuse Its Discretion in Considering the Law School's Demurrer to the First Amended Complaint*

Silver contends the trial court abused its discretion in allowing the Law School to file a demurrer to the first amended complaint even though the Law School failed to file the demurrer within 20 days of Silver's filing of the first amended complaint, as required by the court's June 14, 2018 minute order.  Silver argues the court should have instead entered a default against the Law School.  The trial court did not abuse its discretion.

Section 473, subdivision (a)(1), provides, "The court may, in furtherance of justice, and on any terms as may be proper, . . . enlarge the time for answer or demurrer."  (Accord, *McAllister v. County of Monterey* (2007) 147 Cal.App.4th 253, 281-282 ["'There is no absolute right to have a pleading stricken for lack of timeliness in filing where no question of jurisdiction is involved . . . ; the granting or denial of the motion is a matter which lies within the discretion of the court.'"].)  "The trial court may exercise this discretion so long as its action does 'not affect the substantial rights of the parties.'"  (*McAllister*, at p. 282; accord, *Jackson v. Doe* (2011) 192 Cal.App.4th 742, 750 ["The trial court's consideration of the demurrer, filed 38 days

9

after plaintiff served the complaint, did not affect plaintiff's 'substantial rights,' where plaintiff did not take steps to obtain a default judgment or demonstrate the delay prejudiced her."].)

Without elaboration, Silver argues the trial court's decision to allow the filing of the demurrer to the first amended complaint affected his substantial rights. But the Law School was at most eight days late in filing its demurrer (assuming the deadline ran from filing, not service). And Silver waited over two months after the Law School filed its demurrer to file an objection to the demurrer. Thus, the trial court's decision to consider the demurrer did not affect Silver's substantial rights. (See *McAllister v. County of Monterey, supra*, 147 Cal.App.4th at p. 282.)[8]

The trial court therefore acted within its discretion in allowing the Law School to file its demurrer to the first amended complaint notwithstanding the demurrer's untimeliness.

---

[8]     To the extent Silver argues the trial court abused its discretion in considering the Law School's demurrer to the original complaint, filed over two months late, he has likewise failed to show prejudice. Silver did not request entry of a default judgment until after the Law School filed its demurrer. As in *McAllister v. County of Monterey, supra*, 147 Cal.App.4th at page 282, "[p]rior to the filing of respondent's demurrer to the amended complaint, appellant had not taken any steps to have judgment by default entered" and has not otherwise demonstrated prejudice from the trial court's decision.

B.    *The Trial Court Did Not Abuse Its Discretion in Denying Silver's Motion To Compel Discovery*

    1.    *Background*

On June 8, 2020 Silver filed a motion to compel discovery. Silver argued the Law School had failed to timely respond to form interrogatories and requests for admission Silver served on the Law School on March 18, 2020.  The motion noted the Law School served on Silver a response to his requests for admission on May 15, 2020, but the Law School "essentially refused to answer any of the questions," instead making the same boilerplate objection to each question.  Silver also argued the Law School "conveniently left out" of its motion for summary judgment evidence Silver produced in discovery showing "there is a legitimate dispute," supporting this contention by attaching several unidentified and unauthenticated documents, including a copy of the July 2, 2012 letter from associate dean O'Neal to Silver.

On August 17, 2020 the Law School filed an opposition to Silver's motion, attaching a declaration from attorney Jamon R. Hicks.  Hicks averred Silver served his motion to compel discovery on the Law School while the Law Firm's attorneys' office was closed pursuant to the Governor's shelter-in-place order for the COVID-19 pandemic.  Hicks declared he responded to Silver's requests for admission and form interrogatories on May 14 and July 31, 2020, respectively.  On August 14, 2020 Hicks contacted Silver by email to arrange a meet and confer regarding the withdrawal of Silver's motion, but Silver did not respond.  Silver did not file a reply brief.

After a hearing, on August 31, 2020 the trial court denied Silver's motion to compel discovery.

11

2. *Silver has not shown an abuse of discretion*

Silver argues, without further explanation, the trial court "erred in denying without valid reason [Silver's] motion for discovery and motion to compel a response to interrogatories and request for admission." The Law School contends it served all outstanding discovery responses on Silver before the hearing on the motion, and thus the trial court did not abuse its discretion in denying the motion.

"We review the trial court's grant or denial of a motion to compel discovery for an abuse of discretion." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 540; accord, *Cates v. California Gambling Control Com.* (2007) 154 Cal.App.4th 1302, 1312 ["We review a discovery order for an abuse of discretion and will affirm the ruling unless it falls outside the bounds of reason."].) "The statutory scheme vests trial courts with '"wide discretion"' to allow or prohibit discovery." (*Williams*, at p. 540; accord, *Padron v. Watchtower Bible & Tract Society of New York, Inc.* (2017) 16 Cal.App.5th 1246, 1269, fn. 10 ["a superior court has wide discretion to manage discovery"].) "The trial judge's application of discretion in discovery matters is presumed correct, and the complaining party must show how and why the court's action constitutes an abuse of discretion in light of the particular circumstances involved." (*Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 432; accord, *Cates*, at p. 1312 ["the order is presumed correct and the appellant must affirmatively show error"].)

On appeal, Silver makes no showing that the Law School's discovery responses were inadequate or incomplete and provides no basis for concluding the trial court abused its discretion. Nor

12

does Silver present any legal argument why the trial court's ruling was an abuse of discretion, and therefore he has not met his burden to show error on appeal.[9]  (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 ["'[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'"]; *Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1457 [plaintiffs forfeited claim of error by failing to "present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"]; *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 287 ["[W]e may disregard conclusory arguments that are not

---

[9]     The record reflects the Law School submitted substantive responses to the form interrogatories but, apart from responses to three requests, submitted only objections to Silver's requests for admission, asserting the requests were compound.  However, on appeal Silver does not argue the trial court abused its discretion in failing to order supplemental responses to the requests for admission on the basis the Law School waived its objections to the discovery given its untimely responses.  (See § 2033.280, subd. (a) [party who fails to serve a timely response to requests for admission "waives any objection to the requests"].)  Nor can we tell absent a transcript whether the court relieved the Law School from its waiver due to the late filing (which the Law School argued in its opposition was due to its office being closed at the time of service due to the COVID-19 pandemic).  (See *ibid.* ["The court, on motion, may relieve that party from this waiver on its determination that both of the following conditions are satisfied:  [¶]  (1) The party has subsequently served a response that is in substantial compliance . . . .  [¶]  (2) The party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect."].)

13

supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt."]; see also Cal. Rules of Court, rules 8.204(a)(1)(B) [Briefs must "support each point by argument and, if possible, by citation of authority."].)[10]

C.    *The Trial Court Did Not Err in Granting the Law School's Motion for Summary Judgment*

1.    *Standard of review on summary judgment*

Summary judgment is appropriate only if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law.  (§ 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668.)  """""We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.""""  (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; accord, *Doe*, at p. 669; *Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 608.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit

---

[10]    We acknowledge a self-represented litigant's understanding of the rules on appeal are, as a practical matter, more limited than an experienced appellate attorney's.  Whenever possible, we do not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing.  But we are required to apply the rules on appeal and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (§ 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853; *Valdez v. Seidner-Miller, Inc., supra*, 33 Cal.App.5th at p. 607.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (§ 437c, subd. (p)(2); *Aguilar*, at p. 850; *Luebke v. Automobile Club of Southern California* (2020) 59 Cal.App.5th 694, 702-703.) We must liberally construe the opposing party's evidence and resolve any doubts about the evidence in favor of that party. (*Regents of University of California v. Superior Court, supra*, 4 Cal.5th at p. 618; *Valdez*, at p. 608.) But "[t]he plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show . . . a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists." (§ 437c, subd. (p)(2); accord, *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1054 ["It is fundamental that to defeat summary judgment a plaintiff must show 'specific facts' and cannot rely on allegations of the complaint."]; *Regional Steel Corp. v. Liberty Surplus Ins. Corp.* (2014) 226 Cal.App.4th 1377, 1388.)

     2.    *The Law School carried its initial burden, and Silver failed to raise a triable issue of fact as to his cause of action for breach of contract*

Silver contends he raised a triable issue of fact as to his sole claim for breach of contract by presenting evidence the Law School did not timely issue Silver's transcript and the transcript

15

was not accurate.  The Law School met its burden on summary judgment; Silver did not.

The elements of a breach of contract claim are (1) the existence of the contract; (2) the plaintiff's performance of the contract or excuse for non-performance; (3) the defendant's breach of the contract; and (4) the resulting damage to the plaintiff.  (*Coles v. Glaser* (2016) 2 Cal.App.5th 384, 391; *Kumaraperu v. Feldsted* (2015) 237 Cal.App.4th 60, 70.)  The Law School carried its initial burden on summary judgment by presenting evidence to show it did not breach a contractual duty it owed to Silver and Silver suffered no damages because of any such breach.

As to Silver's contention the transcript was not timely issued, the Law School presented evidence the initial delay in producing Silver's transcript was because Silver's credit card payment was declined.  After Silver resubmitted his transcript payment authorization form with new credit card payment information on October 25, 2013, the Law School issued the transcript within four days, on October 29, in compliance with the commitment stated on the form that charges would be processed within seven business days.  This evidence is sufficient to show the Law School complied with its contractual duty (if any) to timely issue Silver's transcript.

Although Silver asserts he did not receive a copy of the transcript until December 5, 2013,[11] he admitted in his deposition the Law School sent a copy of the transcript directly to the Bar.

---

[11]    In deposition testimony filed by the Law School in support of its motion for summary judgment, Silver admitted he received a copy of the transcript from the Law School on December 3, 2013.

16

Silver testified further the transcript he received in December was only a courtesy copy. Silver has presented no evidence the Bar did not receive the transcript in a timely fashion after the Law School issued the transcript on October 29, 2013.

As to Silver's contention the transcript was not accurate, the Law School carried its initial burden on summary judgment by presenting "a true and correct copy" of Silver's transcript dated October 29, 2013 in support of its motion for summary judgment. Silver argues he raised a triable issue of fact the transcript was not accurate, relying on the statements by associate dean O'Neal contained in the July 2, 2012 letter filed as an attachment to Silver's motion to compel discovery and July 29, 2020 case summary. But "[m]aterial not presented in opposition to the summary judgment motion itself is not properly considered by the court in ruling on the motion." (*Roman v. BRE Properties, Inc., supra*, 237 Cal.App.4th at p. 1054 [information in plaintiffs' fee waiver request and requests for accommodation in the trial court did not create triable issue on summary judgment].) Further, Silver failed to authenticate the letter in either filing. (See Evid. Code, § 1401, subdivision (a) ["Authentication of a writing is required before it may be received in evidence."].)

Moreover, the O'Neal letter does not create a triable issue of fact whether the transcript is accurate. Rather, the letter states Silver received a "'B'" grade in the Introduction to Legal Studies course in the Spring 2012 semester, by which Silver satisfied the necessary condition to continue his studies at the Law School. This is consistent with the evidence Silver was academically dismissed after his poor performance in the Summer 2011 semester. Although the October 29, 2013 transcript does not reflect that Silver took a course or earned any

17

grade at the Law School in the Spring 2012 semester, the O'Neal letter states Silver would not receive credit for the Spring 2012 Introduction to Legal Studies course. Thus, the letter explains the absence from the transcript of information for the Spring 2012 semester.[12]

As to damages, the second amended complaint alleged Silver "suffered damages including over 3 years of wasted time, book, tuition and transportation expenses, anger, shame, embarrassment and career earnings" due to the Law School's breach. In support of its motion for summary judgment, the Law School presented a December 11, 2013 letter from the Bar informing Silver he was "now officially registered with the State Bar of California's Office of Admissions." Moreover, Silver admitted in deposition testimony he was able to take his final examinations at NWCU notwithstanding his failure to meet the requirement of official registration with the Bar. Thus, despite any delay by the Law School in issuing the transcript, Silver was not prevented from registering with the Bar or taking his final examinations at NWCU.[13] Silver did not present any evidence to the contrary.

---

[12] Silver's argument the trial court erred in failing "to accept all material factual allegations in the second amended complaint as true" also lacks merit. Silver cannot rely on the allegations in his pleadings to show a triable issue of fact exists. (§ 437c, subd. (p)(2); see *Roman v. BRE Properties, Inc., supra,* 237 Cal.App.4th at p. 1054.)

[13] We reject Silver's contention he was deprived of a trial on the merits due to the COVID-19 pandemic. (See *Dee v. Vintage Petroleum, Inc.* (2003) 106 Cal.App.4th 30, 34 ["'[A] summary judgment . . . deprives the losing party of trial on the merits.'"].)

## DISPOSITION

We affirm the judgment. The Law School is entitled to recover its costs on appeal.

FEUER, J.

We concur:

PERLUSS, P. J.

SEGAL, J.